(No. 73-CC-0451-

MICHAEL J. BURNS, JR., Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 30, 1980.*

LIVINGSTONE, MUELLER, DRAKE AND DAVLIN (ROBERT E. DAVLIN, of counsel), for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

Claimant Michael J. Burns, Jr. has brought suit against the State of Illinois for negligence in the ownership, maintenance, control and repair of the grandstand at the Illinois State Fairgrounds in Springfield, Illinois. Claimant must show that the State was negligent, that the negligence of the State proximately resulted in an injury to the Claimant, that the Claimant was in the exercise of due care at the time of the incident alleged and that the Claimant was injured and sustained damages.

On August 21, 1971, the Claimant, then 69 years of age, was at the Illinois State Fairgrounds with a friend attending the Lawrence Welk show. At approximately 10:30 p.m., when leaving the track area and passing in front of the grandstand, in a dimly lit walkway, the Claimant struck his right shin on a protruding piece of angle iron steel. The steel protruded a distance of 4 to 6

inches into the walkway area from a lower bleacher seat. At the time of the accident, the aisleway or walkway was crowded with patrons leaving the show. The blow to Claimant's right leg caused him to fall. He was, however, able to continue walking and later noticed a large area of blood on his right leg. He was treated at St. John's Hospital in Springfield, Illinois and incurred bills for treatment. Claimant testified that he later suffered an infected hematoma to his right leg which was drained by a doctor. His right shin and leg yet remains painful and he experiences pain as much as three days a week.

The Claimant proved by a preponderance of the evidence that he was in the exercise of due care while leaving the Illinois State Fairgrounds grandstands when he passed by a low bleacher seat and was injured when his right leg struck a protruding piece of metal. The evidence in this case shows that the area where the piece of metal protruded into the walkway was dimly lit. The evidence further showed that the control, maintenance and supervision of the grandstands at the State Fairground is the exclusive responsibility of the Respondent. The Respondent was negligent in permitting the angle iron steel protrusion from a lower bleacher seat in a dimly lit area where people were known to be walking and exiting the grandstand area.

Claimant testified that he was proceeding in a normal manner to exit the grandstand area and was not engaged in any conduct which would amount to a lack of due care on the part of Claimant.

The evidence showed that Claimant was injured seriously and that he incurred medical expense in connection with that injury in the amount of $250.65. The uncontradicted evidence shows that Claimant has had

pain and discomfort ever since the accident, for which he is entitled to recover.

It is hereby ordered that Claimant be awarded the sum of $250.65 for his medical expenses incurred plus the sum of $3,000.00 for his pain and suffering and the other elements of damage for which he is entitled to be compensated in connection with his personal injury, for a total award of $3,250.65 (three thousand two hundred fifty dollars and sixty-five cents).